*Kenneth BLACK*
Plaintiff-Appellant
*vs.*
*Seth T. BIGMAN*
Defendant-Appellee

In the Supreme Court of the Navajo Natio

No. SC-CV-47-99

September 21, 2001

Samuel Pete, Esq., Shiprock, Navajo Nation (New Mexico), for appellant,

R. Dennis Ikes, Esq., Salt Lake City, Utah, for appellee.

Before YAZZIE, Chief Justice, AUSTIN and KING-BEN Associate Justices.

Opinion delivered by AUSTIN, Associate Justice

This is an appeal from an August 12, 1999 judgment of Kayenta District Court granting judgment for Seth T. Bigman in a fraud action involving a grazing permit transaction. The district court granted the judgment on grounds that the fraud action was not pleaded with specificity, the statute of limitations had expired, and Kenneth Black did not have standing to bring the action court relied on Rule 12(b) (6) of the Navajo Rules of Civil Procedure to rule that Black had failed to state a claim upon which relief can be granted. We review the district court's decision *de novo* and affirm the judgment.

I

Kettle Black held Grazing Permit No. 8-372, which permitted the grazing of a total of 154 sheep units in Grazing District No. 8 of the Navajo Nation. The permit was reissued to Seth T. Bigman on March 7, 1961, and the face of the permit indicates that he "purchased 154 S.U. sheep units to include 6 horses from Kettle Black C#73233 as per transfer agreement 3-1-61." Kettle Black died on August 6, 1976, more than fifteen years after the transaction.

On March 24, 1999, about thirty-eight years after the sale, and twenty-two years after Kettle Black's death, Kenneth Black filed an action to invalidate the permit transfer to Bigman and to "restore" it to Black. The complaint alleged that the permit was fraudulently transferred based upon misrepresentations to the District Grazing Committee and the Bureau of Indian Affairs, and that the fraud was discovered "on or about" March 3, 1998. The complaint does not allege how the fraud was discovered or the basis for conclusion that in fact a fraud had been committed. The nature of the fraud shows that Bigman allegedly delivered alcoholic beverages to Kettle Black's home "immediately prior" to the sale, and at the time of that sale, Kettle Black was intoxicated and not in control of his faculties. The complaint alleged that Kettle Black did not intelligently decide to sell his permit and "did not knowingly consent" to the transfer.

II

This is the first time we applied Rule 9 of the Navajo Rules of Civil Procedure to a judgment. Rule 8 sets out the general rule for pleading claims for relief, and

Rule 9 sets out more specific requirements for "pleading special matters." More particularly, Rule 9 (b) requires that " [i]n all allegations of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically stated. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The question before us is whether the complaint complied with this rule.

The complaint is unusual in that it actually alleges two fraudulent events. The first is that Bigman allegedly supplied the decedent with alcohol so that he was intoxicated at the time of the permit sale. If that was so, then the requirement that a party to a contract must be "competent" when making it would not be satisfied. *See, Hood v. Bordy*, 6 Nav. R. 349, 352 (Nav. Sup. Ct. 1991) However, the fraud claim involves false representations allegedly made to the District Grazing Committee and the Bureau of Indian Affairs in conjunction with the transfer of the permit. The complaint does not state to whom the representations were made, what they were, or how fraud was perpetrated upon the Grazing Committee and Bureau of Indian Affairs. In addition, fraud actions are not favored, and fraudulent conduct is never presumed. *General Motor Acceptance Corp v. Bitah*, 6 Nav. R. 45, 48 (Nav. Sup Ct. 1988).

Given the implicit approval of the grazing committee for the transfer, the Bureau's acceptance of the application, and the recital of the "purchase" and "transfer agreement" on the face of the permit, there is a presumption that the official act of making the transfer was valid. *Damon v. MacDonald*, 4 Nav. R. 138, 140 (W.R. Dist. Ct. 1983). Nothing in the complaint or the record explains how the presumption against fraud would be overcome, and the presumption in favor of the regularity of official action. The complaint did not provide specifics about the nature, time and place of the fraud, so that it was insufficient under Rule 9(b) of the Navajo Rules of Civil Procedures.

Black complains that he was denied due process of law by not having his day in court to prove the allegations of the complaint. Normally, we require such an opportunity when the issue is whether a contract is void. *Brown v. Todacheeny*, 7 Nav. R 37, 42 (Nav. Sup. Ct. 1992). We do not favor the dismissal of actions on a technicality, and normally a complaint alleging fraud should be dismissed without prejudice so the plaintiff can cure any deficiencies. However, the district court's decision to dismiss under Rule 12(b) (6) was proper, because Black had an opportunity to respond to the motion and to supply the required information. An examination of Black's May 17, 1999 objection to the motion to dismiss sheds little light on the nature of the fraud, the circumstances surrounding the discovery of the alleged invalid transaction, and the nature of the evidence proving fraud. Black had his opportunity to inform the court on those matters but did not do so. Therefore, the court properly granted judgment on this ground.

## III

Black recognized the statute of limitations problem because he pleaded that the statute of limitations at 7 N.N.C. § 602 (b)(3) had not expired. That subsection states that there is a three year limitation "[f]or relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Did the district court err by rejecting the "discovery" of the alleged fraud on March 3, 1998? The "discovery" occurred thirty-eight years after the sale and about twenty-two years after Kettle Black's death.

The complaint alleges that Kenneth Black is Kettle Blacks' son, but it does not show whether the decedent had any other heirs. The district court obviously made an inference in granting judgment on the pleadings, and that inference would be that decedent's son would be aware of his father's affairs. That is particularly so, as Black indicated in his objection to the motion to dismiss, that "Livestock Grazing Permits are valuable and precious to Navajos." Objection at 2-3 (citing *Estate of Navajo Joe*, 4 Nav. R. 99 (Nav. Ct. App. 1983)).

While fraud is difficult to detect because it is often done in secret, Black did not show the court whether he made inquiries about his father's estate at the time of his death. There is no evidence of a probate action or an investigation about the decedent's property. In addition, Black did not take advantage of his opportunity to give the court more information about the circumstances surrounding the "discovery" of the fraud in terms of how the information was obtained or how and why the fraud was concealed. We note Black's July 15, 1999 pretrial statement, with a list of witnesses and the nature of their testimony, but find nothing to indicate that knowledge of the alleged illegal transfer was not available within a reasonable period of time after the sale or discoverable upon a reasonable inquiry.

## IV

Black challenges the quick entry of the judgment and asserts that the judgment is void under Rule 58(b) of the Navajo Rules of Civil Procedure. The parties submitted their separate proposed findings of fact, conclusions of law and judgments to the court on August 11, 2000 and the court issued its judgment the next day. Black contends that the entry of judgment without a five day waiting period following service of the proposed judgment upon the opposing party, as required by the rule, makes the judgment void. This rule is intended to prevent judges from simply signing off on a draft judgment submitted by a party without reflection, *see*, *Mescal v. Mescal*, No. SC-CV-43-94 (Nav. Sup. Ct. May 29, 1996), or the entry of a judgment without fair notice of the contents of a draft submitted by a party. While it appears that the trial judge simply signed the form submitted by Bigman (with his attorney's name and address at the top a practice we do not approve), Black does not explain how he was prejudiced by his inability to approve the judgment as to form.

We do not address the judgment's reliance upon Black's lack of standing to bring the action because the parties did not adequately brief that issue, and the record is not clear as to the decedent's heirs or their interests. Based upon the foregoing considerations, the judgment of the Kayenta District Court is hereby AFFIRMED.